USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

JUSTIN SIMMONS,

                     Petitioner,          18 CV 843 (CM)

-against-                                   10 CR 391-47 (CM)

UNITED STATES OF AMERICA,

                     Respondent.

----------------------------------------x

## DECISION ON PETITIONER'S MOTION FILED PURSUANT TO 28 U.S.C. § 2255 AND ORDER SETTING DATE FOR "*DAVIS* VACATURE" AND RESENTENCING

McMahon, J.:

On September 13, 2011, indictment S7 10 Cr. 391 (CM) was unsealed, charging Justin Simmons in eight counts (and a variety of other defendants in various counts). Simmons was charged with: (1) participating in a racketeering enterprise, in violation of 18 U.S.C. §§ 1961 and 1962(c) (Count One); (2) participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); (3) participating in a conspiracy to commit murder Tyrik Legette in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count Five); (4) murdering Tyrik Legette in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (Count Six); (5) assaulting Jonathan Maldonado in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 (Count Fifteen); (6) participating in a conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. § 846 (Count Seventeen); (7) using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a crack-cocaine distribution conspiracy, which firearms were discharged, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Twenty-Four); and (8) using and carrying a firearm

during and in relation to, and possessing a firearm in furtherance of, the assault in aid of racketeering charged in Count Fifteen, which firearm was discharged, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2 (Count Twenty-Nine).

On June 17, 2013, a jury found Simmons guilty on Counts Two (RICO conspiracy), Eleven (narcotics conspiracy involving at least 280 grams of crack), and Thirteen and Seventeen (use of firearms in furtherance of the narcotics conspiracy and in furtherance of the RICO counts), and not guilty on Counts One (RICO), Five and Six (conspiracy to murder and murder), and Eleven and Sixteen (assault and related use of a firearm).

On March 18, 2014, this Court sentenced Simmons to the mandatory minimum of 50 years' imprisonment, to be followed by 10 years' supervised release, a $10,000 fine, and a mandatory $400 special assessment.

Before the Court is petitioner Simmons' *pro se* motion to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255..Simmons makes multiple arguments, most of which have to do with Count Seventeen. Simmons supplemented his original motion, with the permission of the Court, to assert that Count Seventeen—which is predicated on a racketeering conspiracy as a crime of violence—should be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that Section 924(c)'s so-called "risk-of-force clause," 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. (Docket Entries 1825, 1844).

The Government filed a response consenting "to a vacatur of Count Seventeen, in light of *Davis* and *United States v. Barrett*, 937 F.3d 126, 127–28 (2d Cir. 2019), and a resentencing on Simmons's remaining counts of conviction." It is the Government's position that

Simmons' arguments insofar as they relate to the remaining counts of conviction are either substantively meritless or, in one case, procedurally barred.

On February 25, 2021, the Court appointed Lorraine Gauli-Rufo from the court's CJA panel, to represent Simmons in connection with his § 2255 motion. *See* Court Order, 10 CR 391 (CM), Docket Entry 1919. On June 7, 2021, Counsel filed a letter supplementing Simmons' *pro se* motion, asking the Court to allow Simmons to withdraw all but his *Davis* challenge to Count Seventeen:

> Simmons respectfully requests permission to withdraw the following claims:
>
> (1) vacating Count Thirteen (18 USC § 924 (c) gun possession in furtherance of a drug conspiracy charge) because the aiding and abetting basis for the conviction violated Mr. Simmons' Fifth and Sixth Amendment rights of the U.S. Constitution;
>
> (2) ineffective assistance of counsel as to Mr. Kirton during Mr. Simmons' trial and sentencing; and
>
> (3) ineffective assistance of counsel as to Mr. Greenwald on direct appeal.
>
> Simmons Motion, Docket No. 11, pp 5, 8, 10, 13-16.
>
> Mr. Simmons' remaining claims all deal with his request for this Court to vacate his conviction and sentence on Count Seventeen of the superseding indictment (18 USC § 924(c) possession of a firearm in furtherance of a RICO conspiracy) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, 937 F. 3d 126, 127-28 (2d Cir. 2019). The Government concedes that Count Seventeen should be vacated based upon Mr. Simmons' motion. Govt. Br., Docket No. 33, at p. 27.

Simmons Supplemental Motion, (Docket Entry 1942).

Simmons's motion to drop all but his *Davis* challenge to Count Seventeen is granted—his claims unrelated to Count Seventeen are denied. As to Count Seventeen, the Court agrees with the Government and Simmons that *Davis* requires Simmons's conviction and sentence be vacated, and the count dismissed.

Accordingly, Mr. Simmons will be produced in court on September 22, 2021 at 11:00 a.m., for the purpose of (1) vacating his conviction and sentence on Count Seventeen, (2) dismissing Count Seventeen, (3) vacating his sentence on the remaining counts, and (4) resentencing him on the remaining counts of conviction.[1] The Probation Department is directed to prepare a supplemental Presentence Investigation Report by September 1, 2021. Sentencing submissions by the parties are due by September 15, 2021.

This constitutes the decision and order of the Court.

Dated: June 9, 2021

_____
Colleen McMahon
District Court Judge

---

[1] Defendant should be aware that, "defendants whose § 924(c) convictions are overturned . . . will not even necessarily receive lighter sentences: As [the Second Circuit] has noted, when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." *Davis* at 2336, quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017).